STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-00-19

DHM - KEN - 6/28/2000

STATE OF MAINE

v.

JOHN PAGE,

Defendant

REC'D & FILED
Nancy A. L. ...uin

JUN 28 2000

Clerk ... rts
Kenn... County

ORDER ON MOTION
TO SUPPRESS

This matter is before the court on defendant's motion to suppress.

In the early morning hours of December 19, 1999, a female subject went to the Thayer Hospital (Thayer Unit of MaineGeneral Medical Center) complaining of a forcible sexual encounter. Authorities were notified and a member of the Maine State Police went to the scene and interviewed the victim. As a result of the interview, the officer prepared an affidavit and request for search warrant seeking to search the premises of the defendant, the person of the defendant, and a vehicle. Under the authorized warrant, the officer, accompanied by three other officers, went to defendant's residence.

It was the officer's sworn testimony that upon arrival at the residence, he would not effectuate an arrest until and if he received some corroborating evidence as had been presented by the statement of the prosecuting witness. The officer arrived at approximately 11:40 p.m. They knocked on the door and could tell by a view through a window that it woke up the defendant. The defendant came to the door and invited the officers in. At that point, the defendant was not aware of the search warrant. The officer commenced asking questions of the defendant as to

what might have happened the night before, whether the defendant was home, and whether the named prosecuting witness was present. The defendant answered that the prosecuting witness was not home the evening before but then changed his answer.

The scene as described by the officer was that two officers made the initial entry with the other two officers entering shortly thereafter, that the officers were in a hallway in the opposite door from the defendant, that the defendant was not told he was under arrest, that no gesture was made to arrest the defendant, and that it was done in a conversational tone. The defendant agreed to tell his side of the story and a conversation occurred for approximately five minutes. Defendant was asked if he had been arrested before and responded he had had a previous Operating Under the Influence charge. When asked if that was all, the defendant answered in the affirmative. When confronted by the officers with whether he had been incarcerated for a period of time in Windham, the defendant replied that he had forgotten about that. At this point, the officer decided to make an arrest and proceeded to provide the *Miranda* warnings to the defendant. After completion of the *Miranda*, the officer asked the defendant if they could look around. The defendant responded, "No, not without a search warrant." At that time, the officer advised the defendant of the search warrant and conducted the search.

The officer was satisfied that he had probable cause to make an arrest prior to entering the premises but wished to determine further corroborating evidence before taking the defendant into custody. The officer agreed that he was authorized

2

to conduct an intrusive search of the defendant by examination of pubic hair and pubic combing but agreed that he was not prepared to conduct that search at the scene, that it would be necessary for defendant to be taken to the hospital for that purpose. In the final analysis, the officer testified that he believed he had further corroboration for probable cause by the changed answers of the defendant, by the nervous demeanor of the defendant, by the refusal of the defendant to make eye contact, and by his observation of a black sequined dress at a location in plain view exactly as described by the prosecuting witness.

Defendant objects to the questions and answers articulated by the officer and the defendant prior to the *Miranda* warning. He argues that it was the officer's intention to effectuate an arrest from the very beginning as evidenced by the requirement that the defendant be taken into custody for purposes of effectuating the intrusive body search. Defendant argues that the presence of four officers in a small hallway removed any doubt that the defendant was not free to move about and was the functional equivalent of a custodial circumstance. Defendant argues that any reasonable person would consider they were in custody under the circumstances.

The State argues *Berkemer v. McCarty*, 104 S.Ct. 3138 (1984) on the principle that although a police officer may determine as soon as he is confronted with a defendant that he should be taken into custody and charged with an offense, the officer's intent and his failure to communicate this intention has no bearing on the question of whether a suspect is in custody. The "only relevant inquiry is how a

reasonable man in the suspect's position would have understood his situation." However, the State argues that is not the only criteria for determining whether a defendant is in custody. Rather, it is only one factor among a host of those to be considered in determining whether the "suspect's freedom of action is curtailed to a degree associated with formal arrest." *State v. Gardner*, 509 A.2d 1160 (Me. 1986). *Gardner* enumerates four criteria for determining whether a reasonable person would believe they were in custody. They are: (1) whether the suspect was questioned in familiar surroundings; (2) the number of law enforcement officers present; (3) the degree of physical restraint placed upon the suspect; and (4) the duration and character of the interrogation. The State also cites *State v. Michaud*, 725 A.2d 1222 which makes reference to 10 criteria to determine whether an individual is in custody under a reasonable person analysis. They include:

(1)     the locale where the defendant made the statements;

(2)     the party who initiated the contact;

(3)     the existence or nonexistence of probable cause to arrest to the extent communicated to the defendant;

(4)     subjective views, beliefs, or intent that the police manifested to the defendant;

(5)     subjective views or beliefs that the defendant manifested to the police;

(6)     the focus of the investigation;

(7)     whether the suspect was questioned in familiar surroundings;

(8)     the number of law enforcement officers present;

4

(9)    the degree of physical restraint placed upon the suspect; and

(10)    the duration and character of the interrogation.

In order to be custodial for purposes before this court, it must be the functional equivalent of arrest. The subjective intent of the officer is not determinative. The officer, armed with the statement of the prosecuting witness and a search warrant would have been fully justified in seeking some corroborative evidence either in plain view or by execution of the search warrant to determine whether or not the statement of the prosecuting witness was probably true. His options when invited into the residence by the defendant was to make reasonable investigative inquiry and then execute or not execute the warrant.

The defendant was in his own home with two officers in a hallway. During the five minutes of conversation up to the reading of the *Miranda* warning, only two officers were present within the home. While the officers had the authority to take custody of the defendant for purposes of executing the body search, this was not communicated to the defendant up to the *Miranda* warning. This court finds nothing in those circumstances for it to conclude that a reasonable person standing in the position of the defendant would have believed he was in the functional equivalent of an arrest at the time the officer was making inquiry. Defendant's demeanor, his changed answers, and the independent observation were non-accusatory matters consistent with an immediate custodial situation.

The entry will be:

Defendant's motion to suppress is DENIED.

Dated: June ___28___, 2000

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
 vs
JOHN  PAGE
18 PREBLE STREET
SALBORO ME 04989

DOB: 03/09/1964
Attorney: JOHN PELLETIER
         PARTIALLY INDIGENT 01/27/2000

Filing Document: INDICTMENT
Filing Date: 01/27/2000

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2000-00019

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1  GROSS SEXUAL ASSAULT                    12/18/1999 VASSALBORO
   17-A    253(1)(A)          Class A

2  ASSAULT                                 12/18/1999 VASSALBORO
   17-A    207                Class C

## Docket Events:

01/28/2000 FILING DOCUMENT - INDICTMENT FILED ON 01/27/2000

01/28/2000 HEARING - ARRAIGNMENT SCHEDULED FOR 02/02/2000 @ 8:30

01/28/2000 SUMMONS - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 02/02/2000 @ 8:30

/02/2000 HEARING - ARRAIGNMENT HELD ON 02/02/2000
         S KIRK STUDSTRUP , JUSTICE
         Attorney:  JOHN PELLETIER

         DA:  ALAN KELLEY          Reporter: PHILIP GALUCKI
         Defendant Present in Court
         READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
         DEFENDANT.  21 DAYS TO FILE MOTIONS
02/02/2000 Charge(s): 1,2
         PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 02/02/2000

02/02/2000 TRANSFER - BAIL AND PLEADING TRANSFERRED ON 01/27/2000

02/02/2000 BAIL BOND - SET ENTERED BY COURT ON 02/02/2000

         BAIL TO REMAIN AS SET IN THE DISTRICT COURT.                         $50,000 SURETY
         $5,000 CASH.
02/02/2000 TRANSFER - BAIL AND PLEADING TRANSFERRED ON 01/27/2000

02/04/2000 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 02/04/2000

02/14/2000 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/11/1999

         WITH INDEGENCY AFFIDAVIT.
02/14/2000 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 02/11/2000

         JOHN PELLETIER ESQ COURT APPOINTED DEFENDANT IS FOUND TO BE PARTIALLY INDIGENT.

02/18/2000 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/18/2000

02/18/2000 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 02/18/2000

FOR PRIVATE INVESTIGATOR.
02/22/2000 MOTION - MOTION FOR FUNDS GRANTED ON 02/18/2000
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL.  THIS IS SUBJECT TO CONDITIONS AND LIMITATIONS IN THE ORDER.
06/01/2000 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/12/2000 @ 9:00

NOTICE  TO PARTIES/COUNSEL
06/12/2000 HEARING - MOTION TO SUPPRESS HELD ON 06/12/2000
DONALD H MARDEN , JUSTICE
Attorney:  JOHN PELLETIER

DA:  EVERT FOWLE       Reporter: CASE ENOCH
Defendant Present in Court
06/12/2000 JUDICIAL - JUDGMENT DETERMINATION UNDER ADVISEMENT ON 06/12/2000
DONALD H MARDEN , JUSTICE
06/19/2000 BAIL BOND - CASH BAIL BOND FILED ON 06/19/2000

Bail Receipt Type: CR
Bail Amt:  $5,000
                              Receipt Type: CK
Date Bailed: 06/16/2000    Prvdr Name: CRAIG  PROCTOR
                           Rtrn Name: CRAIG  PROCTOR

## Conditions of Bail:
Refrain from possession or use of intoxicating liquor.

Submit to random search and testing for alcohol upon reasonable suspicion of use or
possession.

Other:NOT TO RETURN TO 18 PREBLE STREET, NO. VASSALBORO.

Have no contact with...

1   DONNA  WHITE

and the family of said person(s).
06/28/2000 OTHER FILING - ORDER FILED ON 06/28/2000
DONALD H MARDEN , JUSTICE
ON MOTION TO SUPPRESS FILED.  COPIES TO ATTYS., DEBORAH FIRESTONE, GARBRECHT LAW LIBRARY
AND DONALD GOSS.
06/28/2000 MOTION - MOTION TO SUPPRESS DENIED ON 06/28/2000

COPY TO PARTIES/COUNSEL

TRUE COPY
ATTEST: _____
Clerk